IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| AMBER SMITH, | ) | |
| Plaintiff, | ) | Case No. 4:22-cv-00402 |
| | ) | |
| vs. | ) | Removed from the Circuit Court of Jackson County, Missouri, Civil Action No. 2216-CV04558 |
| STARBUCKS CORPORATION, | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Starbucks Corporation ("Starbucks") hereby removes this action captioned *Amber Smith v. Starbucks Corporation*, from the Circuit Court of Jackson County, Missouri, to the United States District Court for the Western District of Missouri. Complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. In support of removal, Starbucks further states:

### I. PROCEDURAL BACKGROUND AND RELEVANT FACTS

1. On February 28, 2021, a civil action was commenced by Plaintiff Amber Smith, ("Plaintiff") in the Circuit Court of Jackson County, Missouri by the filing of a Petition for Damages captioned *Amber Smith v. Starbucks Corporation,* Civil Action No. 2216-CV04558 (the "Petition").

2. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders and the current state court docket sheet are attached to this Notice of Removal as **Exhibit A.**

3. Starbucks was served with the Petition on March 17, 2022.

4. This action involves allegations relating to an alleged fall that occurred on November 12, 2019 at a Starbucks store located in Kansas City, Jackson County, Missouri *See*

Petition at ¶ 1. Plaintiff alleges that she "continues to experience severe pain since her fall. She suffered pain that radiates from her head down her neck and into her back. Plaintiff also continues to suffer significant pain in her neck, shoulder, back, and hip. Plaintiff continues to experience difficulty sleeping." Pet. at ¶ 13.

5. In Plaintiff's Petition, Plaintiff prayed for damages of an unspecified amount. *See* Pet. at ¶ 5.

6. Starbucks timely filed its Answer to the Petition on April 15, 2022. *See* **Exhibit A**.

7. Starbucks propounded opening written discovery on Plaintiff including First Interrogatories to Plaintiff, First Request for Production of Documents to Plaintiff, and First Request for Admission to Plaintiff on April 18, 2022. *Id.*

8. Plaintiff provided responses to this discovery on May 20, 2022. *Id.*

9. In Plaintiff's Answer to Interrogatory No. 12, Plaintiff states she is seeking damages in the amount of $1,000,000. *See* Plaintiff's Answers to Interrogatories, pertinent portions attached as **Exhibit B**.

10. In Plaintiff's Responses to Requests for Admission Nos. 1 and 2, Plaintiff admits that she is claiming damages in excess of $75,000 and that the amount in controversy exceeds $75,000. *See* Plaintiff's Responses to Request for Admissions, attached as **Exhibit C**.

11. No previous request has been made for the relief requested herein.

12. Starbucks is not a citizen of the state (Missouri) in which this action was brought. *See* 28 U.S.C. § 1441(b). Starbucks is a Washington corporation with its principal place of business in the state of Washington.

- 2 -
Case 4:22-cv-00402-JAM   Document 1   Filed 06/20/22   Page 2 of 5

13. The United States District Court for the Western District of Missouri comprises the county in which this matter is now pending (Jackson County, Missouri) and thus, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 105(b)(1), venue is proper.

## II. THIS NOTICE OF REMOVAL IS TIMELY

14. This case was not removable based on Plaintiff's initial pleading because the amount in controversy was not specified as Plaintiff pled "….damages in a fair and reasonable amount, for all court costs and expenses incurred herein." Pet. at ¶ 5.

15. Starbucks was first made aware that this case's amount in controversy exceeds $75,000, exclusive of interest and costs, upon receipt of Plaintiff's responses to discovery on May 20, 2022.

16. Starbucks, therefore, first ascertained that this case was removable on May 20, 2022.

17. This Notice of Removal is filed within 30 days after Starbucks's receipt through service of plaintiff's discovery responses from which it was first ascertained that the case is one that is removable and filed within one year of the commencement of the action. *See* 28 U.S.C. § 1446(b) and (c). Accordingly, Starbucks's removal of this action is timely.

18. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Starbucks has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. In filing this Notice of Removal, Starbucks reserves all defenses, including failure to join and/or misjoinder of parties.

## III. JURISDICTION AND VENUE ARE PROPER

19. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1332 and 1441. Pursuant to 28 U.S.C. §1332(a), this Court has original jurisdiction over this action

because complete diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

20. Plaintiff is a citizen of the State of Kansas.

21. Starbucks is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Washington with its principal place of business in Washington and therefore, is a citizen of Washington for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

22. Thus, there is complete diversity of citizenship between Plaintiff and Starbucks.

### IV. THE AMOUNT IN CONTROVERSY IS MET

23. Plaintiff affirmatively stated that the amount in controversy exceeds $75,000. **Exhibit C.**

24. Further, Plaintiff stated that she is seeking $1,000,000 in damages in response to defendant's opening discovery. **Exhibit B.**

25. Therefore, the amount in controversy exceeds $75,000, exclusive of interest and costs and Starbucks sufficiently alleges the basis for diversity jurisdiction at the notice-of-removal stage.

### V. REMOVAL IS OTHERWISE PROPER

26. Starbucks will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Jackson County, Missouri, the state court in which this action is currently pending, as required by 28 U.S.C. § 1446(d). Defendant's Notice to State Court of Filing of Notice of Removal is also being filed and served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Starbucks Corporation, pursuant to 28 U.S.C. § 1441, respectfully removes this action from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri.

Dated this 20th day of June, 2022.

                Respectfully submitted,

                */s/ Kara T. Stubbs*
                Kara T. Stubbs        MO # 43414
                Kehl D. Friesen       MO # 65909
                BAKER STERCHI COWDEN & RICE LLC
                2400 Pershing Road, Suite 500
                Kansas City, MO 64108
                Telephone:   (816) 471-2121
                Facsimile:    (816) 472-0288
                stubbs@bscr-law.com
                kfriesen@bscr-law.com

                **ATTORNEYS FOR DEFENDANT**
                **STARBUCKS CORPORATION**

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2022, a true and correct copy of this Notice of Removal was served by depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery to the following:

    Christopher Dove
    Daniel R. Zmijewski
    8700 State Line, Suite 305
    Leawood, KS 66206

    **ATTORNEYS FOR PLAINTIFF**

                */s/ Kara T. Stubbs*