# EXHIBIT A



## 2216-CV04558 - AMBER SMITH V STARBUCKS CORPORATION (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ○ Descending  ◉ Ascending

Display Options: [ All Entries ▾ ]

---

**02/28/2022** ☐ **Judge Assigned**

☐ **Pet Filed in Circuit Ct**
Petition.
    **Filed By:** CHRISTOPHER STEVEN DOVE
    **On Behalf Of:** AMBER SMITH

☐ **Filing Info Sheet eFiling**
    **Filed By:** CHRISTOPHER STEVEN DOVE

**03/11/2022** ☐ **Case Mgmt Conf Scheduled**
    **Scheduled For:** 06/23/2022;  9:00 AM ;  ADAM CAINE;  Jackson - Kansas City

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-1715, for STARBUCKS CORPORATION.

**04/15/2022** ☐ **Answer Filed**
Answer to Plaintiffs Petition for Damages and Demand for Jury Trial; Electronic Filing Certificate of Service.
    **Filed By:** KARA TROUSLOT STUBBS
    **On Behalf Of:** STARBUCKS CORPORATION

☐ **Entry of Appearance Filed**
Entry of Appearance and Designation of Lead Counsel of Kara T. Stubbs; Electronic Filing Certificate of Service.
    **Filed By:** KARA TROUSLOT STUBBS
    **On Behalf Of:** STARBUCKS CORPORATION

☐ **Entry of Appearance Filed**
Entry of Appearance of Kehl D. Friesen; Electronic Filing Certificate of Service.
    **Filed By:** KEHL DEAN FRIESEN
    **On Behalf Of:** STARBUCKS CORPORATION

**04/18/2022** ☐ **Certificate of Service**
Certificate of Service of Defendants First Set of Discovery to Plaintiff; Electronic Filing Certificate of Service.
    **Filed By:** KARA TROUSLOT STUBBS
    **On Behalf Of:** STARBUCKS CORPORATION

**06/13/2022** ☐ **Notice of Court Hearing Sent**
Via Telephone Conference, (888) 557-8511, Code: 4800973#

---

Electronically Filed - Jackson - Kansas City - February 28, 2022 - 05:22 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

AMBER SMITH,             )
                                       )
Plaintiff,                  )
                                       )
vs.                           )
                                       )     Case Number
STARBUCKS CORPORATION,    )
Prentice-Hall Corp. System          )
As registered agent for Starbucks     )
Corporation                    )
221 Bolivar Street               )
Jefferson City, MO 65101        )
                                       )
Defendant.                 )

### PETITION FOR DAMAGES

     **COMES NOW** Plaintiff, Amber Smith, by and through her attorneys of record, and for her causes of action against Defendant, states, alleges, and otherwise avers as follows:

### **GENERAL FACTS**

     1.     On November 12, 2019, Plaintiff and her two children were visiting the Starbucks store located on the County Club Plaza with the address of 302 Nichols Rd, Kansas City, Missouri.

     2.     The Plaintiff went to use the restroom before she ordered from the defendant's menu.

     3.     The Plaintiff entered the public restroom. Upon entering the public restroom, the Plaintiff slipped and fell on the floor because the floor of the restroom was very slick.

     4.     When she fell, the Plaintiff hit her head and back causing her significant pain.

5.      Plaintiff left the restroom and placed an order, including a hot chocolate for an individual who had asked for help on the sidewalk outside of Starbucks.

6.      The Plaintiff's husband called on two occasions on the afternoon of November 12, 2019. He spoke with an employee who he believed was named Madelyn. He explained the incident to the employee and that his wife would return to file the incident report.

7.      The Plaintiff returned to the Starbucks store in the Plaza to file an incident report regarding the fall that occurred in the restroom on November 12, 2019.

8.      The Plaintiff had difficulty communicating when she returned to the Starbucks because of the injury to her head that occurred when she fell.

9.      Plaintiff reported the fall but Defendant's employee did not ask for additional information.

10.      On the night of November 12, 2019, the Plaintiff continued to have significant difficulty with her speech and cognitive abilities.  Therefore, she sought care at an urgent care provider. Because of the severe nature of her injuries, the Plaintiff was immediately sent to the emergency room.

11.      On November 12, 2019, the emergency room provider diagnosed the Plaintiff with a concussion as well as a large contusion on her leg.

12.      Plaintiff again notified Defendant of her fall by contacting Defendant through its social media account.

13.      Plaintiff continues to experience severe pain since her fall.  She suffered pain that radiates from her head down her neck and into her back. Plaintiff also continues to suffer significant pain in her neck, shoulder, back, and hip. Plaintiff continues to experience difficulty sleeping.

2

Electronically Filed - Jackson - Kansas City - February 28, 2022 - 05:22 PM

14.    Plaintiff has required ongoing medical treatment.  She has required physical therapy, chiropractic care, and orthopedic treatment.  The claimant has incurred bills for her medical care that was required because of her significant injuries.

15.    Despite receiving extensive treatment modalities, Plaintiff's pain has not been fully resolved. Her pain affects her functioning on a daily basis.

<u>**COUNT I NEGLIGENCE**</u>

16.    Plaintiff hereby incorporates by reference each and every previously pled paragraph.

17.    On November 12, 2019, Plaintiff was the Starbuck store, which is owned and controlled and operated by Defendant.

18.    Defendant assumed a duty of care to ensure the public restrooms in its place of business were clear and safe.

19.    Plaintiff was a business invitee of the Defendant. Plaintiff entered the Defendant's business in order to purchase items from their menu.

20.    Defendants had a duty to keep the premises in a reasonably safe condition so that members of the general public would not be injured.

21.    The Defendant's duty, referenced above, is a non-delegable duty.

22.    On November 12, 2019, there existed dangerous and defective conditions on the floor in the Defendant's public restroom which were not reasonably safe.

23.    Defendants, their agents, servants, and employees knew, or by using ordinary care should have known, of the defective, dangerous and/or hazardous conditions set forth above, and they created such foreseeable conditions.

24.     Defendants failed to use ordinary care to protect Plaintiff and other members of the public from the aforementioned dangers and unsafe conditions in one or more of the following respects, and was therefore negligent:

> a. Failure to post or place visible warnings, pylons, tape, barricades or other warnings or protective devices to draw attention to the dangerous floor;
>
> b. Failure to properly or adequately inspect, monitor, control, and maintain the public restroom;
>
> c. Failure to utilize, through reasonable care, a floor covering or surface that was safe for the public, including in a bathroom;
>
> d. Failure to adequately clean and/or keep clean the public restroom floor.

25.     As a direct result of Defendants' negligence and the above-described dangers and hazardous conditions, Plaintiff fell and injured herself when she slipped on the public restroom floor, and fell to the ground, causing injury to her head, back, and leg.

26.     As a direct result of the above referenced slip and fall, Plaintiff was injured and damaged in one or more of the following respects:

> a. Trauma and injury to her body including her head, neck, shoulder, back, and hip;
>
> b. Past, present and future pain, discomfort, and suffering;
>
> c. Permanent impairment of use, function, and range of motion of her back, neck, shoulder, and spine;
>
> d. Past medical and health care expenses, including chiropractic care, physical therapy, and orthopedic care;
>
> e. Future medical and health care expenses in an amount which is presently unknown;

4

f. Diminution of quality and enjoyment of life; and

g. Past, present, and future lost income, earning capacity, benefits, insurance coverage, and the ability to work and/or pursue employment.

27.     Plaintiff has given notice to Defendants of her claim and injuries.

**WHEREFORE**, under Count I, Plaintiff prays for *Judgment* against Defendants, for damages in a fair and reasonable amount, for all court costs and expenses incurred herein, and for any such other and further relief as the Court deems just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of all counts of this *Petition for Damages*.

Respectfully submitted,

DRZ LAW, LLC

/s/ Chris Dove
Christopher Dove      MO #64641
Daniel R. Zmijewski  MO #54675
8700 State Line, Suite 305
Leawood, KS 66206
913-400-2033
chris@drzlawfirm.com
dan@drzlawfirm.com
ATTORNEYS FOR PLAINTIFF

5

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

AMBER SMITH,

              **PLAINTIFF(S),**                **CASE NO. 2216-CV04558**

VS.                                         **DIVISION 11**

STARBUCKS CORPORATION,

              **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE AND ORDER FOR MEDIATION

---

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **ADAM CAINE** on **23-JUN-2022** in **DIVISION 11** at **09:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

    a.     A trial setting;

    b.     Expert Witness Disclosure Cutoff Date;

    c.     A schedule for the orderly preparation of the case for trial;

    d.     Any issues which require input or action by the Court;

    e.     The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

_/S/ ADAM CAINE_
ADAM CAINE, **Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
CHRISTOPHER STEVEN DOVE, DRZ LAW, LLC, 9229 WARD PARKWAY, SUTIE 370, KANSAS CITY, MO 64114

Defendant(s):
 STARBUCKS CORPORATION

 Dated: 11-MAR-2022                         MARY A. MARQUEZ
                                            Court Administrator



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ADAM CAINE | Case Number: 2216-CV04558 |
| Plaintiff/Petitioner:<br>AMBER SMITH | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER STEVEN DOVE<br>DRZ LAW, LLC<br>9229 WARD PARKWAY, SUTIE 370<br>KANSAS CITY, MO 64114 |
| vs. | |
| Defendant/Respondent:<br>STARBUCKS CORPORATION | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** STARBUCKS CORPORATION
**Alias:**

PRENTICE-HALL COPR SYSTEM
RA FOR STARBUCKS
221 BOLIVAR ST
JEFFERSON CITY, MO 65101

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>11-MAR-2022</u>
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to
_____ (name) _____ (title).
☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

*(Seal)*          **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date          Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 22-SMCC-1715** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:22-cv-00402-JAM   Document 1-1   Filed 06/20/22   Page 10 of 22

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | |
|---|---|
| AMBER SMITH, | ) |
| | ) |
|     Plaintiff, | ) |
| | )     **Case No. 2216-CV04558** |
| v. | ) |
| | )     **JURY TRIAL DEMANDED** |
| STARBUCKS CORPORATION, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT STARBUCKS CORPORATION'S ANSWER TO PLAINTIFF'S**
**<u>PETITION FOR DAMAGES AND DEMAND FOR JURY TRIAL</u>**

Defendant Starbucks Corporation, (hereinafter referred to as "Starbucks") responds to Plaintiff's Petition for Damages ("Petition") as follows:

**<u>GENERAL FACTS</u>**

1.     Starbucks is without knowledge or information sufficient to form a belief as to the truth, matter, or intent of the averments contained in paragraph 1 of Plaintiff's Petition and therefore denies the same.

2.     Starbucks is without knowledge or information sufficient to form a belief as to the truth, matter, or intent of the averments contained in paragraph 2 of Plaintiff's Petition and therefore denies the same.

3.     Starbucks is without knowledge or information sufficient to form a belief as to the truth, matter, or intent of the averments contained in paragraph 3 of Plaintiff's Petition and therefore denies the same.

4.     Starbucks is without knowledge or information sufficient to form a belief as to the truth, matter, or intent of the averments contained in paragraph 4 of Plaintiff's Petition and therefore denies the same.

5.      Starbucks is without knowledge or information sufficient to form a belief as to the truth, matter, or intent of the averments contained in paragraph 5 of Plaintiff's Petition and therefore denies the same.

6.      Starbucks is without knowledge or information sufficient to form a belief as to the truth, matter, or intent of the averments contained in paragraph 6 of Plaintiff's Petition and therefore denies the same.

7.      Starbucks is without knowledge or information sufficient to form a belief as to the truth, matter, or intent of the averments contained in paragraph 7 of Plaintiff's Petition and therefore denies the same.

8.      Starbucks is without knowledge or information sufficient to form a belief as to the truth, matter, or intent of the averments contained in paragraph 8 of Plaintiff's Petition and therefore denies the same.

9.      Starbucks is without knowledge or information sufficient to form a belief as to the truth, matter, or intent of the averments contained in paragraph 9 of Plaintiff's Petition and therefore denies the same.

10.      Starbucks is without knowledge or information sufficient to form a belief as to the truth, matter, or intent of the averments contained in paragraph 10 of Plaintiff's Petition and therefore denies the same.

11.      Starbucks is without knowledge or information sufficient to form a belief as to the truth, matter, or intent of the averments contained in paragraph 11 of Plaintiff's Petition and therefore denies the same.

2

12.      Starbucks is without knowledge or information sufficient to form a belief as to the truth, matter, or intent of the averments contained in paragraph 12 of Plaintiff's Petition and therefore denies the same.

13.      Starbucks is without knowledge or information sufficient to form a belief as to the truth, matter, or intent of the averments contained in paragraph 13 of Plaintiff's Petition and therefore denies the same.

14.      Starbucks is without knowledge or information sufficient to form a belief as to the truth, matter, or intent of the averments contained in paragraph 14 of Plaintiff's Petition and therefore denies the same.

15.      Starbucks is without knowledge or information sufficient to form a belief as to the truth, matter, or intent of the averments contained in paragraph 15 of Plaintiff's Petition and therefore denies the same.

### COUNT I NEGLIGENCE

16.      Starbucks restates and realleges its answers to paragraphs 1 through 15 of Plaintiff's Petition as if fully stated herein.

17.      In response to paragraph 17 of Plaintiff's Petition, Starbucks admits that it was the operator of the subject Starbucks store. Otherwise, Starbucks is without knowledge or information sufficient to form a belief as to the truth, matter, or intent of the remaining averments contained in paragraph 17 of Plaintiff's Petition and therefore denies the same.

18.      Paragraph 18 of Plaintiff's Petition contains legal conclusions and therefore no response by Starbucks is required. To the extent a response is required, Starbucks states that it owed all duties of care required by law. Starbucks denies all other averments contained in paragraph 18 of Plaintiff's Petition.

Electronically Filed - Jackson - Kansas City - April 15, 2022 - 02:08 PM

19.     Paragraph 19 of Plaintiff's Petition contains legal conclusions and therefore no response by Starbucks is required. To the extent a response is required, Starbucks is without knowledge or information sufficient to form a belief as to the truth, matter, or intent of the remaining averments contained in paragraph 19 of Plaintiff's Petition and therefore denies the same.

20.     Paragraph 20 of Plaintiff's Petition contains legal conclusions and therefore no response by Starbucks is required. To the extent a response is required, Starbucks states that it owed all duties of care required by law. Starbucks denies all other averments contained in paragraph 20 of Plaintiff's Petition.

21.     Paragraph 21 of Plaintiff's Petition contains legal conclusions and therefore no response by Starbucks is required. To the extent a response is required, Starbucks states that it owed all duties of care required by law. Starbucks denies all other averments contained in paragraph 21 of Plaintiff's Petition.

22.     Starbucks denies all allegations contained in paragraph 22 of Plaintiff's Petition.

23.     Starbucks denies all allegations contained in paragraph 23 of Plaintiff's Petition.

24.     Starbucks denies all allegations contained in paragraph 24 of Plaintiff's Petition including all subparagraphs.

25.     Starbucks denies all allegations contained in paragraph 25 of Plaintiff's Petition.

26.     Starbucks denies all allegations contained in paragraph 26 of Plaintiff's Petition including all subparagraphs.

27.     Paragraph 27 of Plaintiff's Petition contains legal conclusions and therefore no response by Starbucks is required. To the extent a response is required, Starbucks denies all averments contained in paragraph 27 of Plaintiff's Petition.

WHEREFORE, having fully answered Count I of Plaintiff's Petition for Damages, Starbucks Corporation prays for judgment in its favor and against Plaintiff on Count I of Plaintiff's Petition, for its costs, and for such other and further relief that the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Petition fails to state a claim upon which any relief may be granted against Starbucks.

2. Starbucks states that if Plaintiff sustained any damage or injuries, which is denied, those damages or injuries were caused, in whole or in part, by the acts, omissions or fault of others, including Plaintiff, for whom Starbucks is not responsible, and were not caused by any breach of duty by Starbucks. Accordingly, Starbucks is entitled to an assessment of the relative degrees of fault of all such persons or entities and Starbucks is responsible for only that percentage of fault, if any, which may be assessed against Starbucks. Plaintiff was negligent in failing to keep a careful lookout and in failing to exercise ordinary care as to her own safety.

3. Starbucks states that if any judgment is entered against it based on the events and allegations stated in plaintiff's Petition, that judgment must be reduced by either: (1) the stipulated amount of all settlement agreements between plaintiff and other alleged tortfeasors, or (2) the amount of consideration all other alleged tortfeasors paid to plaintiff for relief for discharge, whichever is greater, as provided in R.S.Mo. § 537.060.

4. Plaintiff's injuries and plaintiff's alleged damages, if any, were the direct result of superseding or intervening causes, or an act or omission or commission on the part of one or more persons or entities over whom Starbucks has no control.

5. The alleged negligent acts of Starbucks were not the proximate cause of Plaintiff's alleged injuries or damages.

5

Electronically Filed - Jackson - Kansas City - April 15, 2022 - 02:08 PM

6.      Plaintiff may not recover, as medical expenses, an amount more than the dollar amount necessary to satisfy the financial obligation to the health care provider(s), pursuant to R.S.Mo. § 490.715.

7.      Plaintiff has failed to mitigate her damages, with the following respects including but not limited to:

      a.      Failing to immediately seek medical attention; and/or

      b.      Failing to terminate and/or cease medical treatment after fully recovering from the injuries alleged in Plaintiff's Petition; and/or

      c.      Failing to avoid unnecessary medical expenses; and/or

      d.      Failing to elect the most economical medical care and/or treatment; and/or

      e.      Failing to properly follow medical instructions; and/or

      f.      Failing to engage in rehabilitation activities and/or therapy; and/or

      g.      Failing to elect medical care and/or treatment that would improve Plaintiff's condition; and/or

      h.      Failing to avoid unnecessary costs and expenses; and/or

8.      Starbucks states that it reserves the right to assert any and all affirmative defenses that may be discovered through the course of discovery and/or any and all affirmative defenses raised by any other defendant to this action.

WHEREFORE, having fully answered Plaintiff's Petition for Damages, Starbucks Corporation prays for judgment in its favor and against Plaintiff, for its costs, and for such other relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Defendant Starbucks Corporation demands a trial by jury herein.

6

Respectfully submitted,

/s/ Kara T. Stubbs

| Kara T. Stubbs | MO # 43414 |
|---|---|
| Kehl D. Friesen | MO # 65909 |

BAKER STERCHI COWDEN & RICE LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone:     (816) 471-2121
Facsimile:     (816) 472-0288
stubbs@bscr-law.com
kfriesen@bscr-law.com

**ATTORNEYS FOR DEFENDANT**
**STARBUCKS CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed this 15th day of April, 2022, via this Court's Electronic Filing System, which will send Notices of Electronic Filing to all counsel of record.

/s/ Kara T. Stubbs

Electronically Filed - Jackson - Kansas City - April 15, 2022 - 02:10 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | |
|---|---|
| AMBER SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | )    Case No. 2216-CV04558 |
| v. | ) |
| | ) |
| STARBUCKS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ENTRY OF APPEARANCE AND DESIGNATION OF LEAD COUNSEL

Kara T. Stubbs of the law firm Baker Sterchi Cowden & Rice LLC hereby enters her

appearance as lead counsel for Defendant Starbucks Corporation in the above-captioned matter.

/s/ Kara T. Stubbs
Kara T. Stubbs        MO # 43414
BAKER STERCHI COWDEN & RICE LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone: (816) 471-2121
Facsimile: (816) 472-0288
stubbs@bscr-law.com

**ATTORNEYS FOR DEFENDANT**
**STARBUCKS CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was filed with the
Clerk of the Court using the Court's electronic filing system on this 15th day of April, 2022, which
will send notification of the same to all counsel of record.

/s/ Kara T. Stubbs

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | |
|---|---|
| AMBER SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | )     Case No. 2216-CV04558 |
| v. | ) |
| | ) |
| STARBUCKS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ENTRY OF APPEARANCE

    Kehl D. Friesen of the law firm of Baker Sterchi Cowden & Rice LLC hereby enters his

appearance as additional counsel on behalf of defendant Starbucks Corporation in the above-

captioned action.

                                          Respectfully submitted,

                                          */s/ Kehl D. Friesen*
                                          Kehl D. Friesen        MO #65909
                                          BAKER STERCHI COWDEN & RICE LLC
                                          2400 Pershing Road, Suite 500
                                          Kansas City, MO  64108
                                          (816) 471-2121
                                          Fax:  (816) 472-0288
                                          kfriesen@bscr-law.com

                                        **ATTORNEYS FOR DEFENDANT**
                                        **STARBUCKS CORPORATION**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing was filed with the
Clerk of the Court using the Court's electronic filing system on this 15th day of April, 2022, which
will send notification of the same to all counsel of record.

                                          */s/ Kehl D. Friesen*

Electronically Filed - Jackson - Kansas City - April 18, 2022 - 04:54 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| AMBER SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2216-CV04558 |
| v. | ) | |
| | ) | |
| STARBUCKS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE OF DEFENDANT
STARBUCKS CORPORATION'S FIRST SET OF DISCOVERY TO PLAINTIFF**

I certify that Defendant Starbucks Corporation's First Interrogatories, First Request for Production of Documents, and First Request for Admission to Plaintiff were served in both Word and PDF format on April 18, 2022 to counsel for Plaintiff, Christopher Dove and Daniel R. Zmijewski, via email at chris@drzlawfirm.com and dan@drzlawfirm.com.

Respectfully submitted,

/s/ Kara T. Stubbs

Kara T. Stubbs     MO #43414
Kehl D. Friesen     MO #65909
BAKER STERCHI COWDEN & RICE LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone:   (816) 471-2121
Facsimile:     (816) 472-0288
stubbs@bscr-law.com
kfriesen@bscr-law.com

**ATTORNEYS FOR DEFENDANT
STARBUCKS CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing was filed with the Clerk of the Court using the Court's electronic filing system on this 18th day of April, 2022, which will send notification of the same to all counsel of record.

/s/ Kara T. Stubbs

# NOTICE OF TELEPHONE CONFERENCE

In an effort to contain the spread of COVID-19, Division 11 is holding remote hearings.

**Case Management Conferences and other Hearings** are being conducted via telephone conference. In an effort to prevent all litigants and their attorney(s) from having to remain on the line throughout each case management conference on the docket, we have scheduled telephonic conferences in one group of 30-minute increments. Please join the telephonic conference at, or just prior to, the time your case is scheduled to begin.

A **Case Management Conference** by telephone is scheduled for the following cases on
## Thursday, June 23, 2022.

**The following cases are scheduled for 9:00 a.m.**

| Case No. | Case Name |
|----------|-----------|
| 2116-CV09595 | The San Francisco Association v. Roath |
| 2216-CV00226 | First Notice Systems v. AAS Restoration & Roofing |
| 2216-CV03851 | Hubbard, *et al.* v. Wesley, *et al.* |
| 2216-CV03923 | Zimmerschied v. Car-Mart Auto Sales, LLC |
| 2216-CV04044 | Sprague v. Devault |
| 2216-CV04394 | S & W Foreclosure Corp. v. Echevarria, *et al.* |
| 2216-CV04471 | Hendrix v. Zack |
| 2216-CV04558 | Smith v. Starbucks Corporation |
| 2216-CV04828 | Hitchye v. Collins & Hermann, Inc., *et al.* |
| 2216-CV04965 | Noles v. Stewart, *et al.* |

Please follow the instructions below in order to phone in and join the telephonic conference.

1. **Call**: **(888) 557-8511**
   - The call will prompt you to put in the access code.
2. **Access Code**: **4800973**
   - Type in the access code and press #.

If you get a busy signal or an "all circuits busy" message, please hang up and try joining the telephone conference again. The circuits are a bit overloaded at this time, so it may take a few tries to get into the conference.

We will need you to please do the following:

- Telephonic hearings will be transcribed by the division court reporter. As the hearing is conducted by telephone, it is imperative that each speaker state their name before every statement made on the record. For example, "This is Judge, counsel for Plaintiff Mr. Smith may proceed." "This is Mr. Smith. Thank you. Plaintiff calls Plaintiff's first witness." **It is imperative that participants NOT speak over each other, as it is not possible to make a record in such instances.**